IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DENNIS DIFFER, #236 916, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-65-WHA |
| | ) | [WO] |
| M. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a Motion for Preliminary Injunction under Rule 65, *Federal Rules of Civil Procedure*. He seeks to enjoin Defendant Smith from contacting certain correctional officials employed by the Ventress Correctional Facility for the purpose of conspiring to cover up material facts or for the purpose of provoking wrongdoing toward Plaintiff and/or potential material witnesses, including retaliating against them.[1] He further requests that Defendant Smith be enjoined from interfering in any way with Plaintiff's ability to conduct legal research and/or obtain pertinent legal material.[2] Upon consideration of the motion for preliminary injunction, the court concludes that this motion is due to be denied.

---

[1] The named defendant is no longer employed at the Ventress Correctional Facility.

[2] The court notes that Plaintiff appears to seek preliminary injunctive relief from persons not parties to this action. A review of the docket in this matter reflects that the sole defendant named in the complaint is Michael Smith.

## I. DISCUSSION

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Plaintiff must demonstrate are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville,* 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable

injury would, standing alone, make preliminary injunctive relief improper").

The court has carefully reviewed Plaintiff's request for a preliminary injunction and finds that he fails to meet each of the prerequisites for the issuance of a preliminary injunction. Plaintiff has not alleged that he will suffer specific and irreparable harm if an injunction is not issued. Additionally, granting the requested relief would require entry of an order preventing a "person[] from doing something entirely speculative in nature" as the named defendant has not yet engaged in the conduct about which Plaintiff complains. *Bieros v. Nichola*, 857 F. Supp. 445 (E.D. Pa. 1994); *see also Dice v. Clinicorp, Inc.*, 887 F. Supp. 803, 809 (W.D. Pa.1995) ("the claimed injury cannot merely be possible, speculative or remote."). Furthermore, it is impossible to determine what exactly Plaintiff's requested relief would entail, which prevents the court from determining what burden an injunction would have on the Alabama Department of Corrections and whether its issuance would harm the public interest. The undersigned, therefore, concludes that Plaintiff's request for a preliminary injunction should be denied.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Preliminary Injunction (*Doc. No. 33*) be DENIED.

It is further the Recommendation of the Magistrate Judge that this case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before February 25, 2013, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

DONE, this 11th day of February, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE