IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DENNIS DIFFER, #236 916, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-65-WHA |
| | ) | [WO] |
| M. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on January 23, 2012. On October 16, 2012 the U.S. Marshal served Defendant with a copy of the complaint along with a copy of the court's order of procedure directing Defendant to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendant submitted an answer and written report on November 28, 2012, which contained relevant evidentiary materials addressing the allegations presented in the instant complaint. The court then issued an order directing Plaintiff to file a response to Defendant's answer and written report. (*Doc. No. 29*.) Plaintiff was advised that his failure to respond to Defendant's answer and written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." (*Id*.) (emphasis in original). Additionally, Plaintiff was "**specifically cautioned that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this case. (*Id*.)

The time originally allotted Plaintiff for the filing of a response expired on December 20, 2012. (*See Doc. No. 29*.) Pursuant to his request, the court granted Plaintiff an extension to and including January 22, 2013 to file his opposition. (*Doc. Nos. 31, 32*.) On March 12, 2013, the court entered an order directing Plaintiff to show cause why this action should not be dismissed for his failure to comply with the court's orders directing him to file a response to Defendant's answer and written report. (*Doc. No. 40*.) Plaintiff filed a motion on March 20, 2013, seeking an extension to respond to the court's March 12 show cause order. (*Doc. No. 41*.) The court granted Plaintiff additional time to and including April 2, 2013 to file his response. (*Doc. No. 42*.) Plaintiff subsequently filed a motion for leave to file a motion to amend his complaint which was granted by order entered April 5, 2013. (*Doc. Nos. 43, 44*.) The court directed Plaintiff to file his motion to amend complaint on or before April 15, 2013. (*Doc. No. 44*.)

As of the present date, Plaintiff has filed nothing in opposition to Defendant's answer and written report as required by order filed November 29, 2013, as extended by order entered January 10, 2013. Plaintiff has also failed to file any response to the court's March 12, 2013 show cause order, nor has he filed a motion to amend his complaint within the time allowed by the court. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal are appropriate. After such review, it is clear that dismissal of this

case is the proper sanction. Plaintiff is an indigent state inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Plaintiff has repeatedly failed to comply with orders entered in this case. It is, therefore, apparent that any additional effort by this court to secure Plaintiff's compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims, his failure to comply with the orders of this court, and his failure to properly prosecute this cause of action warrant dismissal of this case. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc., v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

It is further

ORDERED that on or before **July 22, 2013,** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 8th day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE